IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. WILLIAMS,<br><br>             Plaintiff,<br><br>   v.<br><br>THE ESTATE OF JOSEPH J. STUDNEK, by and through its personal representative JOSEPH M. STUDNEK, et al.,<br><br>             Defendants. | No. C-06-4073 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND AND FOR COSTS, EXPENSES AND ATTORNEY'S FEES**<br><br>(Docket No. 5) |

Before the Court is the motion to remand and for costs, expenses and attorney's fees, filed August 3, 2006 by plaintiff Joseph L. Williams. Defendants The Estate of Joseph L. Studnek by and through its personal representative Joseph M. Studnek ("Estate"), Joseph M. Studnek individually ("Studnek"), John and Jean Owens (jointly, "Owens"), Jeremy and Jill Geigle (jointly, "Geigles"), and Jackson White P.C. (collectively, "removing defendants") have filed a joint opposition to the motion.[1] To date, no reply has been filed. Having reviewed the papers filed in support of and in opposition to the motion, the Court finds the motion appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the September 8, 2006 hearing, and rules as follows.

---

[1] Defendants point out that plaintiff's motion violates the Civil Local Rules because plaintiff served the motion by mail, thus depriving defendants of a full 14 days to file their opposition. The Court nonetheless has considered the motion, as defendants have not shown they were prejudiced by such delay.

**BACKGROUND**

On or about May 16, 2006, plaintiff filed the instant action in the California Superior Court for the County of Alameda, and thereafter filed a First Amended Complaint wherein he asserted causes of action against the Estate, Studnek, the Owens, the Geigles, Jackson White P.C., Charles Hall ("Hall") and Keith Vann ("Vann") (collectively, "named defendants"), for breach of contract, fraudulent transfer, extortion, mail fraud, wire fraud, civil RICO violations, and for an accounting. (See Notice of Removal ¶ 1; First Amended Complaint ("FAC") at 8-41.)

On June 30, 2006, attorney Steven M. Koch ("Koch") filed a notice of removal on behalf of all named defendants, removing the action to federal court on the basis of federal question jurisdiction. (See Notice of Removal at 2.) Thereafter, on July 28, 2006, Koch filed a Notice of Errata in the superior court, stating that he did not represent defendants Hall and Vann. (See Motion to Remand Ex. B at 1-2.)

Plaintiff now moves to remand the instant action to the California Superior Court for the County of Alameda on the basis that all named defendants did not join in the notice of removal. Plaintiff also seeks an award of the "just costs, expenses and attorney fees" incurred as a result of the removal. (See Motion to Remand at 2.)

**LEGAL STANDARD**

"The failure to join all proper defendants in a removal petition may . . . render the removal petition procedurally defective." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). "Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, the rule of unanimity does not apply to nominal, unknown or fraudulently joined parties," see United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002) (internal citations and quotations omitted), or to parties who have not been served, see Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984).

The Court "strictly construe[s] the removal statute against removal jurisdiction." See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against

removal jurisdiction means that the defendant always has the burden of proving that removal is proper. See id. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

**DISCUSSION**

**A.     Remand**

As noted, plaintiff argues removal was improper because "[a]ll defendants were not joined in the removal." (See Motion at 2.) He contends that although Koch purported to remove the action on behalf of all named defendants, Koch later conceded in his Notice of Errata that he never represented Hall and Vann, and thus all defendants did not actually join in the notice of removal.

In the removing defendants' opposition, Koch concedes he has never represented Hall and Vann. (See Koch Decl. ¶¶ 3-4.) The removing defendants argue, nonetheless, that removal was proper for two reasons: (1) there is no evidence that Hall and Vann were served prior to removal; and (2) Hall and Vann are nominal parties. The removing defendants also contend that if the notice of removal is deemed defective, they "should be allowed to file an amended removal petition." (See Opposition at 8.)

**1.     Service**

As noted above, a defendant who has not been served is not required to join in the notice of removal. See Salveson, 731 F.2d at 1429.

Koch attests that, as of August 10, 2006, no proof of service was on file in state court or federal court with respect to either Hall or Vann.[2] (See Koch Decl. ¶ 5.) The absence of a proof of service in the state or federal court docket does not prove that service was not effected, however. Under the California Rules of Civil Procedure, proof of service of summons need not be filed until "60 days after the time the summons and complaint must be served upon a defendant," and a plaintiff, after initiating an action, has three years in which to serve the defendant. See Cal. Code Civ. Proc. § 583.210(a) and

---

[2] To date, no proof of service as to either Hall or Vann has been filed in the instant action.

3

(b). The Federal Rules of Civil Procedure expressly provide that the absence of a proof of service "does not affect the validity of the service." See Fed. R. Civ. P. 4(l). Thus, plaintiff's failure to file a proof of service with respect to Hall and Vann does not constitute proof that said defendants were not served.

The removing defendants point to an absence of evidence submitted by plaintiff with respect to service. As "the defendant always has the burden of proving that removal is proper," however, see Gaus, 980 F.2d at 566, it is the removing defendants, not plaintiff, who must bear the burden of proving lack of service on Hall and Vann. The removing defendants have failed to meet that burden.

Accordingly, the removing defendants have not demonstrated that Hall and Vann are unserved parties who were not required to join in the notice of removal.

### 2. Nominal Parties

Nominal parties are not required to join in the petition for removal as they are "neither necessary nor indispensable" parties to the action. See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing and Assistants' Local 349, et al., 427 F.2d 325, 327 (5th Cir. 1970). "A defendant is a nominal party where his role is limited to that of a stakeholder or depositary." Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986) (citing Tri-Cities, 427 F.2d at 327). "The question of whether or not a defendant is a nominal party depends on the facts of each case." Tri-Cities Newspapers, 427 F.2d at 327.

The removing defendants argue that Hall and Vann are nominal parties because the first two causes of action are not asserted against them, and although the third through ninth causes of action are asserted against them, those causes of action are based on criminal statutes for which there is no private right of action. The ninth cause of action, however, is based on asserted civil RICO violations, and RICO expressly provides for a private right of action. See 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court."). Other than arguing that no private of action exists, the removing defendants do not challenge the merits of plaintiff's RICO claim

4

against Hall and Vann.

Accordingly, the removing defendants have not demonstrated that Hall and Vann are nominal parties who were not required to join in the notice of removal.

### 3. Amendment of Notice of Removal

The removing defendants assert that if this Court were to find the notice of removal defective on the ground they failed to properly set forth the reasons why Hall and Vann were not required to join therein, the removing defendants should be afforded leave to amend the notice of removal to do so. Here, however, the notice of removal is defective not simply because the removing defendants failed to expressly allege the basis for a lack of joinder, but because the removing defendants have not demonstrated such joinder was not required. Accordingly, the request to amend is denied.

### B. Costs, Expenses, and Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), plaintiff requests the costs, expenses and attorney's fees he incurred as a result of the removal. An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 U.S.C. § 1447(c).

Here, plaintiff has submitted no evidence that he has incurred any costs or expenses as a result of defendant's removal of the instant action. Moreover, plaintiff is proceeding pro se, and, consequently, cannot demonstrate he has incurred any attorney's fees. See, e.g., Elwood v. Drescher, 456 F.3d 943, 947 (9th Cir. 2006) (stating general rule that "pro se litigants, attorneys or not, cannot recover statutory attorneys' fees").

Accordingly, plaintiff's request for costs, expenses, and attorney's fees will be denied.

### CONCLUSION

For the reasons set forth above, plaintiff's motion to remand is hereby GRANTED, his request for costs, expenses, and attorney's fees is hereby DENIED, and the above-

//

//

1  titled action is hereby REMANDED to the California Superior Court for the County of
2  Alameda.
3      The Clerk shall close the file.
4  **IT IS SO ORDERED.**
5  Dated: September 6, 2006

                                        MAXINE M. CHESNEY
                                        United States District Judge